IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Denard and Lajuan Wade, collectively and and on behalf of their minor son, Darius Wade | ) ) ) ) | |
| Plaintiffs, | ) ) ) | No: 12 CV 2276 |
| v. | ) ) ) | |
| Board of Education of Proviso Township High Schools District 209, Milton Patch, in his capacity as Principal of Proviso East High School, Daniel Johnson, in his capacity as Assistant Principal, of Proviso East High School, Emmanuel "Chris" Welch, in his capacity as School Board 209 President, Jeanette Thomas, Cook County Sheriff Michael Tom Dart and the Cook County Sheriff's Office, Cook County Sheriff's Police Department and Michael Castaldo, Jr., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **INTRODUCTION**

1. Denard Wade brings and Lajuan Wade bring this civil rights lawsuit under the Fourteenth Amendment of the United States Constitution, individually and on behalf of their son. They seek declaratory relief, injunctive relief, compensatory and punitive damages.

2. At all times relevant, herein, his son, Darius Wade was in his sophomore year, attending Proviso East High School, in Maywood, Illinois, when he was

1

accused of assaulting a teacher in the hallway outside of her classroom on September 23, 2009.

3. Without thorough or complete investigation, Darius was suspended from school from September 24, 2009 through October 7, 2009, subsequently expelled and criminal proceedings were instituted against him for battery and aggravated battery.

4. Denard Wade, Lajuan Wade and their son, Darius Wade were deprived of his constitutional rights of procedural and substantive due process and equal protection of the laws in violation of his rights under the Fourteenth Amendment and the Constitution of the State of Illinois when he was expelled from public school, refused alternative education, and prosecuted.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983 and 1988; 28 U.S.C. §1331 and 1323(3); and the Fourteenth Amendment of United States Constitution, the Eighth Amendment of the United States Constitution and supplemental jurisdiction under U.S.C. Section 1367.

6. Venue is proper in this action pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to Plaintiff's claims occurred in Maywood, Illinois, within the Northern District of Illinois, Eastern Division.

## THE PARTIES

7. Plaintiff, Denard Wade, appears individually and next friend of his minor son, Darius Wade who was fifteen years old at the time of this incident.

8. Plaintiff, LaJuan Wade, appears individually and next friend of her minor son, Darius Wade who was fifteen years old at the time of this incident.

9. Defendant Board of Education of Proviso Township High Schools District 209 (hereinafter "School Board 209"), is a school district operating in Illinois under the color of stat law and is located in Cook County, Illinois.

10. Defendant, Milton Patch, is a principal of Proviso East High School, and an employee of Proviso Township High Schools District 209. He is sued in his individual and official capacity.

11. Defendant, Daniel Johnson, is an assistant principal of Proviso East High School, and an employee of Proviso Township High Schools District 209. He is sued in his individual and official capacity.

12. Defendant, Emmanuel "Chris" Welch, is Board President of the Board of Education of Proviso Township High Schools District 209. He is sued in his individual and official capacity.

13. Defendant, Cook County Sheriff, Tom Dart and the Cook County Sheriff's office, is a municipal corporation within the State of Illinois, and was at all times material to this complaint, the employer of Cook County Sheriff's Police Department Officers, and Cook County Sheriff's Department Officers.

14. Defendant, Cook County Sheriff's Police Department Officers, were employed by the County of Cook and Cook County Sheriff Michael Sheehan, and is an agent of the County of Cook and Cook County Sheriff Michael Sheehan, who was at all times material to this complaint acting within the scope of his employment and under the color of law. The defendant is being sued individually.

15. Defendant, Michael Castaldo, Jr., is a hearing officer for and employee of Proviso Township High Schools District 209. He is sued in his individual and official capacity.

16. Defendant, Jeanette Thomas, is a retired teacher, and at all times relevant to this complaint, a citizen of the United States, and resident of Chicago, Illinois. Jeanette Thomas was the alleged victim in the incident underlying Darius Wade's expulsion.

## FACTUAL ALLEGATIONS

17. Prior to this incident, Darius had not been the subject of any serious discipline, he was a student athlete, and by all accounts a good student. At no point has

    Darius ever been, nor is he now, a member of any gang or involved in any gang activities. He had no criminal history prior to this accident.

18. On September 23, 2009, Darius was in the hall by the doorway of a classroom at Proviso East High School, trying to get the attention of a female student.

19. The teacher, Jeanette Thomas, came to the doorway, told Darius to move and pushed Darius in the chest.

20. Thomas then closed the door behind her.

21. Thomas then proceeded into the hallway reached for Darius' identification and grabbed him in the chest area.

22. At which time, Darius moved away and followed Thomas' instruction to leave from the hallway.

23. From the force of her own actions in attacking Darius, Thomas slipped and fell to the floor.

24. Thomas was not injured and did not receive medical attention.

25. All of the Jeanette Thomas' actions in making physical contact with Darius are against school policy and procedures.

26. At not time did Darius approach the teacher or initiate contact with her.

27. Yet, Darius was immediately suspended from school from September 24, 2009 through October 7, 2009.

28. He was subsequently expelled and criminal proceedings were instituted against him, as well.

29. On October 9, 2009, a discipline hearing was held before Defendant Michael Castaldo, Jr. for the Board of Education for Proviso Township High Schools District 209.

30. At the discipline hearing, Darius, both his parents, the Proviso East High School assistant principal, Daniel Johnson, Jeanette Thomas, mathematics

teacher and alleged victim, all testified. A preserve order was entered on all evidence from the hearing.

31. In addition to the testimony, the Defendants, on behalf of Proviso East High School, presented a complete set of photos from the incident as exhibits and a video of the incident.

32. On October 9, 2009, the hearing officer issued a report. The report included a summary of the witness testimonies, but excluded the testimony of Plaintiff Denard Wade and LaJuan Wade.

33. Castaldo, Jr., found that the evidence presented supported a recommendation that the case be referred to School Board 209 for appropriate discipline action.

34. In essence, the recommendation was that Darius be expelled and School Board 209 followed through on the recommendation.

35. On October 19, 2009, a public school board meeting was held, where Plaintiffs Denard Wade and Lajuan Wade attempted to inform the Board about the unfairness of the hearing.

36. Plaintiff, Denard Wade was cut-off by Defendant Emmaunel "Chris" Welch and not allowed to speak any further.

37. Rather than conduct further investigation, the Defendant Board expelled Darius on or about October 19, 2009.

38. Darius was also not allowed to return to school for two years, not allowed on the premises of any of the District 209 facility. As a result, he could not attend a public school in the area and he was not offered alternative school.

39. However, On July 16, 2010, in a separate proceeding, the explusion was vacated with a chancery court finding that the penalty was unreasonable and not related to the needs of the agency. The matter was remanded to the Defendant Board to impose a penalty consistent with the Court's opinion.

40. Nevertheless, the Defendant Board refused to change the expulsion.

41. In addition to being expelled, criminal charges were filed against Darius for battery and aggravated battery based on certain evidence provided and other evidence that was withheld by Defendants.

42. The criminal matter went to trial on March 17, 2010. At the trial, Judge Walsh found Darius guilty beyond a reasonable doubt.

43. In further interference with his education, the Defendants immediately contacted his current school, St. Joseph High School, to inform them that Darius was found guilty.

44. As part of the criminal case, two subpoenas were issued and a Court order was entered about Defendant School Board 209 turning over the expulsion hearing transcript, and any and all pictures and photos from the incident.

45. Defendant School Board 209 consistently denied that the transcript from the expulsion hearing on October 9, 2009 existed.

46. After the guilty decision by Judge Walsh, the transcript from the expulsion hearing on October 9, 2009, surfaced in the chancery case that was going on at the same time.

47. Given this, Plaintiff's counsel filed a motion for new trial and informed the Court that Defendant School Board, in defiance of the preserve order, failed to produce complete photos from the incident and the expulsion hearing transcript.

48. As a result, Plaintiff was granted a new trial.

49. Judge Walsh found that Defendants had manipulated and/or destroyed evidence resulting in the Plaintiff not being able to defend himself fully against the charges against him.

50. On May 20, 2011, Darius had a second trial.

51. Judge Walsh considered the conduct of Defendant School Board 209, including but not limited to the destruction of photos, withholding the transcript, padding Darius' record and the inconsistent statements by Defendant Thomas.

52. Based on the totality of the circumstances and evidence, Judge Walsh found Darius not guilty and he was vindicated from all charges.

53. In further interference with his education, against the Chancery Judge's opinion that the punishment was excessive, and order that another punishment be instituted, Defendant's failed to offer another, less severe punishment.

54. Due to this incident, Darius was not permitted to attend another public school in the area and was forced to enroll at St. Joseph High School, a private school where his parents have to pay tuition. Darius had to stop playing sports and get a job to help his parents pay for his tuition and private school expenses.

55. As a result of this incident, Darius has suffered and continues to suffer ongoing harm, including but not limited to, humiliation, missed school, a permanent expulsion on his school record, and emotional distress.

56. Denard and LaJuan Wade have also suffered emotional distress because of this incident, as well as inconvenience, disruption of his work schedule, tremendous financial losses (legal fees, tuition for St. Joseph High School, property foreclosure, etc.), pain and suffering to all family members, and continuing other harm and suffering.

## COUNT I
### (42 U.S.C. sec. 1983 SUBSTANTIVE DUE PROCESS v. ALL DEFENDANTS)

1-56. Plaintiff alleges and realleges paragraphs 1 through 56 as though fully set forth herein.

57. Defendants by their actions and omissions as alleged in this Complaint, violated Plaintiff's rights to substantive due process guaranteed, by the Due Process Clause of the Fourteenth Amendment of the United States Constitution, which prohibits arbitrary state conduct. Defendants are liable to Plaintiffs pursuant to 42 U.S.C. sec. 1983 and the Fourteenth Amendment of the United States Constitution.

58. Defendants were intentional, malicious, willful, wanton, callous, and showed reckless disregard for the Plaintiffs' Fourteenth Amendment Rights.

59. Plaintiff claims expenses and attorneys fees from the said Defendants as provided by 42 U.S.C. sec. 1985.

## COUNT II
### (42 U.S.C. sec. 1983 PROCEDURAL DUE PROCESS v. ALL DEFENDANTS)

1-56. Plaintiff alleges and realleges paragraphs 1 through 56 as though fully set forth herein.

57. Defendants by their actions and omissions as alleged in this Complaint, violated Plaintiff's rights to procedural due process guaranteed, by the Due Process Clause of the Fourteenth Amendment of the United States Constitution, which prohibits arbitrary state conduct. Defendants are liable to Plaintiffs pursuant to 42 U.S.C. sec. 1983 and the Fourteenth Amendment of the United States Constitution.

58. Defendants were intentional, malicious, willful, wanton, callous, and showed reckless disregard for the Plaintiffs' Fourteenth Amendment Rights.

59. Plaintiff claims expenses and attorneys fees from the said Defendants as provided by 42 U.S.C. sec. 1985.

## COUNT III
### (VIOLATION OF THE EQUAL PROTECTION CLAUSE V. ALL DEFENDANTS)

1-56. Plaintiff alleges and realleges paragraphs 1 through 56 as though fully set forth herein.

57. Defendants by their actions and omissions as alleged in this Complaint, violated Plaintiff's rights to Equal Protection guaranteed, by the Equal Protection Clause the Fourteenth Amendment of the United States Constitution, which prohibits arbitrary state conduct. Defendants are liable to Plaintiff pursuant to 42 U.S.C. sec. 1983 and the Fourteenth Amendment of the United States Constitution.

58. Defendants were intentional, malicious, willful, wanton, callous, and showed reckless disregard for the Plaintiffs' Fourteenth Amendment Rights.

59. Plaintiff claims expenses and attorneys fees from the said Defendants as provided by 42 U.S.C. sec. 1985.

## COUNT IV
## (VIOLATION OF THE EQUAL PROTECTION CLAUSE- "CLASS OF ONE" V. ALL DEFENDANTS)

1-56. Plaintiff alleges and realleges paragraphs 1 through 56 as though fully set forth herein.

57. Defendants intentionally treated Darius differently from others similarly situated.

58. There is no rational basis for the difference in treatment.

59. Defendants by their actions and omissions as alleged in this Complaint, violated Plaintiff's rights to Equal Protection guaranteed, by the Equal Protection Clause the Fourteenth Amendment of the United States Constitution, which prohibits arbitrary state conduct. Defendants are liable to Plaintiff pursuant to 42 U.S.C. sec. 1983 and the Fourteenth Amendment of the United States Constitution.

60. Defendants were intentional, malicious, willful, wanton, callous, and showed reckless disregard for the Plaintiffs' Fourteenth Amendment Rights.

61. Plaintiff claims expenses and attorneys fees from the said Defendants as provided by 42 U.S.C. sec. 1985.

## COUNT V
## (42 U.S.C. SECTION 1983-FALSE ARREST V. COOK COUNTY SHERIFF TOM DART, COOK COUNTY SHERIFF'S OFFICE AND THE COOK COUNTY SHERIFF'S POLICE DEPARTMENT AND OFFICERS)

1-56. Plaintiff alleges and realleges paragraphs 1 through 56 as set forth herein.

57. The above acts of the Defendants, were willfully and wantonly done without probable cause and was a direct and proximate cause of Darius' pain, suffering and mental anguish, and therefore violated the Plaintiff's Fourth Amendment right to be free from unreasonable arrest, search and seizure.

## COUNT VI
### (EIGHTH AMENDMENT-CRUEL AND UNUSUAL PUNISHMENT V. SCHOOL BOARD 209, EMMANUEL "CHRIS" WELCH, AND DAN JOHNSON)

1-56. Plaintiff alleges and realleges paragraphs 1 through 56 as set forth herein.

57. The above acts of the Defendants, were willfully and wantonly done without probable cause and was a direct and proximate cause of Darius' pain, suffering and mental anguish, and therefore violated the Plaintiff's Eighth Amendment right to be free from cruel , excessive and unusual punishment.

## COUNT VII
### (CONSPIRACY TO VIOLATE CIVIL RIGHTS V. ALL DEFENDANTS)

1-56. Plaintiff alleges and realleges paragraphs 1 through 56 as set forth herein.

59. The above acts of the Defendants, acted together for the purpose of violating Darius' civil rights by falsely arresting him, pursuing charges against him although he was not the aggressor, and expelling Darius Wade.

60. In furtherance of the conspiracy, Defendants hid and manipulated evidence against Darius for the purpose of supporting the wrongful expulsion and criminal charges against Darius.

## COUNT VIII
### (MALICIOUS PROSECUTION UNDER ILLINOIS LAW V. COOK COUNTY SHERIFF TOM DART, COOK COUNTY SHERIFF'S OFFICE AND THE COOK COUNTY SHERIFF'S POLICE DEPARTMENT AND OFFICERS)

1-56. Plaintiff alleges and realleges paragraphs 1 through 56 as though fully set forth herein.

57. The above prosecution was initiated to cover up the withholding of the evidence, in the expulsion and criminal proceedings of Darius.

58. Evidence was withheld which began the prosecution of Darius and false statements were given against Darius to the prosecution and the Court.

59. The unjustifiable prosecution was resolved in Darius' behalf and, therefore, said prosecution was in violation of the Illinois law.

60. The unjustifiable prosecution of Darius was done willfully and wantonly and was the direct and proximate cause of the injuries suffered by the Plaintiff.

## COUNT IX
## (NEGLIGENT TRAINING AND SUPERVISION CLAIM V. SCHOOL BOARD 209)

1-56. Plaintiff alleges and realleges paragraphs 1 through 56 as though fully set forth herein.

57. Defendants, individually and through their agents, and as individual defendants, had a duty to train and supervise employees in order to protect the minor children attending Proviso East High School, including Darius Wade.

58. Defendants, by and through their agents, and as individual defendants had an established policy that teachers were not to initiate contact with students and if an issue arose, they were to contact school security.

59. Defendants, by and through their agents, had a duty to train teachers on this policy and assure that they follow said policy.

60. However, Defendants breached their duty to adequately train and/or supervise Thomas.

61. Defendant, Jeanette Thomas, initiated contact first with Darius by grabbing him in the chest and did not contact security.

62. As a result, Defendant Thomas, was allowed to violate the school policies and procedures.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs respectfully pray for the following relief:

1. A finding that Defendants violated Plaintiffs' rights;

2. Compensatory damages, to be determined by a jury, against all Defendants;

3. Punitive damages against the individual Defendants in the individual capacities;

4. Expungement of all law enforcement, academic, or discipline records of Darius Wade related to this incident;

5. Such injunctive relief as the Court deems necessary and proper;

6. Reasonable attorney's fees under 42 U.S.C. SECTION 1988, including the fees and costs of experts that are incurred in prosecuting this action, if any; and

7. Any other relief to which Plaintiffs may be entitled.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS.**

                                        Respectfully submitted,

                                           s/Danielle McCain
                                   One of the Attorneys for Plaintiffs

**Danielle McCain**
**THOMAS MCCAIN LAW LLC**
**4655 S. King Drive – Suite 105**
**Chicago, IL 60653**
**(773) 373-8703 phone**
**(773)373-8701 fax**
**dmccain@thomasmccainlaw.com**