IN THE DISTRICT COURT OF THE UNITED STATES
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENARD AND LAJUAN WADE, collectively and on behalf of their minor son, DARIUS WADE, Plaintiffs, ) ) ) ) | |
| v. ) | Case No. 12 CV 2276 |
| ) | |
| BOARD OF EDUCATION OF PROVISO TOWNSHIP HIGH SCHOOLS DISTRICT 209, PROVISO TOWNSHIP HIGH SCHOOLS DISTRICT 209, MILTON PATCH, in his capacity as Principal of Proviso East High School, DANIEL JOHNSON, in his capacity as Assistant Principal, of Proviso East High School, EMMANUEL WELCH, in his capacity as School Board 209 President, JEANETTE THOMAS, COOK COUNTY SHERIFF MICHAEL TOM DART and, the COOK COUNTY SHERIFF'S POLICE DEPARTMENT and MICHAEL CASTALDO, JR., Defendants. ) ) ) ) ) ) ) ) ) ) ) ) ) | |

**DEFENDANTS' MOTION TO DISMISS PURSUANT
TO FED.R. CIV. P. 12(b)(6), 12(f) and 17**

NOW COME Defendants, BOARD OF EDUCATION OF PROVISO TOWNSHIP HIGH SCHOOLS DISTRICT 209 ("Board"), PROVISO TOWNSHIP HIGH SCHOOLS DISTRICT 209 ("District"), and MICHAEL CASTALDO, JR. ("Castaldo") (collectively, "School Defendants")[1] by their attorney Eric T. Stach of DEL GALDO LAW GROUP, LLC, and for their Motion to Dismiss pursuant to Fed.R.Civ.P 12(b)(6), 12(f), and 17, and state as follows:

**Introduction**

Plaintiffs Denard and LaJuan Wade, individually and on behalf of their son Darius Wade (on 9/23/2009 a minor) allege multiple claims against School Defendants stemming from Darius

---

[1] Other defendants affiliated with the District but not yet served, and for whom Plaintiffs have not issued Requests for Waiver of Service, include current District employees Milton Patch and Daniel Johnson, and retired/former District employee Jeanette Thomas.

Wade's physical altercation involving a teacher, which resulted in Wade's expulsion from the District. Amended Complaint ¶¶ 1-2, 7-8, 19-25, 38. Plaintiffs' claims against School Defendants are here listed and should be dismissed pursuant to Fed.R.Civ.P 12(b)(6): (I) 42 U.S.C. § 1983 Substantive Due Process, (II) 42 U.S.C. § 1983 Procedural Due Process, (III) Violation of Equal Protection, (IV) Violation of Equal Protection "Class of One", (VI) Eighth Amendment Cruel and Unusual Punishment, and (VII) Conspiracy to Violate Civil Rights. Plaintiffs also allege against the District and Board a state claim of "Negligent Training and Supervision," which must be barred by the Illinois Local Governmental and Governmental Employee Tort Immunity Act ("Tort Immunity Act") 745 ILCS 10/1-101, *et seq.* Count III should also be dismissed as generally duplicative of Count IV. To conform with F.R.C.P. 17, Denard Wade and LaJuan Wade should be dismissed from the Amended Complaint as improper plaintiffs, and Darius Wade should be named as sole proper plaintiff. Counts V and VIII are pled against defendants other than the School Defendants (the Cook County parties) and as such are not here addressed.

## Standard

The United States Supreme Court in *Ashcroft, et al. v. Iqbal*, 129 S. Ct. 1937 (2009), clarified the civil pleading standards governing federal claims. Where a plaintiff has not plead facts which would permit the court to infer more than the mere possibility of misconduct, a plaintiff has alleged, but not demonstrated that he is entitled to relief, and therefore, his complaint will fail. *Ashcroft, et al.*, 129 S. Ct. at 1949. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* This plausibility standard asks for more than a sheer possibility that a defendant acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, "it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

For purposes of a motion to dismiss, the Court must accept as true all of the factual allegations of the complaint. *Id.* However, the Court is not to accept as true, legal conclusions even if couched as a factual allegation. *Id.* "While legal conclusion can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 1949. If, under a liberal reading of the complaint, a plaintiff's allegations are not legally sufficient to state a claim upon which relief can be granted, the Court should dismiss the complaint. *See Conley v. Gibson,* 355 U.S. 41, 45 (1957) (applying a liberal standard to the review of Plaintiff's complaint); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (finding Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint). And, if the Court finds that no set of facts can be pleaded to state a claim, then the Court should dismiss the case.

## Argument

### I. All § 1983 actions against all School Defendants are Barred by *res judicata* and must be dismissed.

The § 1983-based counts (Counts I-IV, VI, VII) must be dismissed with prejudice as barred by *res judicata* because Plaintiffs already challenged the School Defendants' decision in Illinois state court on Administrative Review as Case No. 2009-CH-42857 before the Honorable Judge Leroy Martin Jr. See Amended Complaint generally ¶40. See also 7/16/2010 and 10/28/2010 2009-CH-42857 Court Orders (certified copies) attached hereto as **Group Exhibit A** (Courts can properly take judicial notice of court records without converting a motion to dismiss into a motion for summary judgment. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997); *Doss v. Clearwater Title Co.,* 551 F.3d 634, 640 (7th Cir. 2008)).

The Seventh Circuit made very clear in 2001 that an administrative-review action forecloses any later § 1983 action in federal court arising out of the same transaction:

3

> Because Illinois (a) permits the joinder of § 1983 claims with administrative-review actions, and (b) applies the doctrine of merger and bar, we have held that an administrative-review action forecloses any later § 1983 action in federal court arising out of the same transaction. See, e.g., *Manley v. Chicago*, 236 F.3d 392 (7th Cir. 2001); *Davis v. Chicago*, 53 F.3d 801 (7th Cir. 1995); *Pirela v. North Aurora*, 935 F.2d 909, 913-14 (7th Cir. 1991); *Hagee v. Evanston*, 729 F.2d 510, 513-14 (7th Cir. 1984). See also *Charles Koen & Associates v. Cairo*, 909 F.2d 992 (7th Cir. 1990); *Button v. Harden*, 814 F.2d 382 (7th Cir. 1987); *Frier v. Vandalia*, 770 F.2d 699 (7th Cir. 1985).
>
> <u>Durgins v. City of E. St. Louis</u>, 272 F.3d 841, 843-844 (7th Cir. Ill. 2001)

All of the elements of *res judicata* are satisfied in this case. The final orders by the Circuit Court of Cook County were final judgments. Wade's federal case focuses on the same set of operative facts and could have been brought in the state court action. Therefore, Counts I-IV, VI, and VII must be dismissed with prejudice as to the School Defendants.

> **II. The District should be dismissed from Counts I-IV, VI, VII, and IX on grounds of redundancy.**

Plaintiffs name the District and the Board as Defendants. Because a lawsuit against a government official in his or her official capacity is redundant when the government entity is also named, such claims should be dismissed. <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985); <u>Jungels v. Pierce</u>, 825 F.2d 1127, 1129 (7th Cir. 1987); <u>Kiser v. Naperville Comm. Unit</u>, 227 F. Supp.2d 954, 960-61 (N.D. Ill. 2002) (dismissed ADEA claims against board of education members sued in their official capacities); <u>Admiral Theatre v. City of Chicago</u>, 832 F. Supp. 1195, 1199-1200 (N.D. Ill. 1993)(dismissed 42 U.S.C. § 1983 claims against mayor and director sued in their official capacities).

According to Illinois law, the District is a geographical area in which the Board operates schools. See 105 ILCS 5/1-3; Bd. Of Educ. Of Bremen High Sch. Dist. No. 228 v. Mitchell, 899 N.E.2d 1160, 1163 (Ill. App. Ct. 2008). Moreover, the Illiois School Code makes the Board, not the Distirct amenable to suit. See 105 ILCS 5/10-2. Thus, the Board not the District is the proper defendant in this suit. The District should be dismissed from Counts I-IV, VI, VII, and IX as an unnecessary, redundant Defendant.

4

> **III. The District/Board (and all District employees) should be dismissed from all Civil Rights counts for failure to state a *Monell* claim (As to Counts I-IV, VI, VII, and IX).**

Plaintiff alleges that the School Defendants violated Darius Wade's civil rights. To successfully plead a cause of action under § 1983 against the District or its employees, a plaintiff must allege: (a) unconstitutional conduct perpetrated by a school employee; (b) that the unconstitutional conduct was the result of the school's existing policy or customs; and (c) that a causal link exists between the unconstitutional action and the plaintiff's injury. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978); *McTigue v. City of Chicago,* 60 F.3d 381, 382 (7th Cir. 1995). In other words, it is when the execution of a government's policy inflicts the injury that the entity is responsible under § 1983. *Woodward v. Correctional Med. Serv. of Illinois, Inc.*, 386 F.3d 917, 927 (7th Cir. 2004). Further, actions brought against government officers in their official capacities are actually claims against the government entity for which the officers work. *Kentucky v. Graham,* 473 U.S. 159, 167 (1985). Specifically, a plaintiff must show that his constitutional rights were violated and that a "custom, policy, or practice" of the defendant directly caused the violation. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658 (1978). A custom, policy, or practice may be demonstrated through: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *Id. Respondeat superior* will not suffice to impose § 1983 liability on a school. *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995).

More importantly, a plaintiff must demonstrate that the local government, through its own deliberate conduct, was the moving force behind the alleged injury. *County Comm 'r of Bryan County v. Brown,* 117 S. Ct. 1382, 1388 (1997); *Polk County v. Dodson,* 102 S. Ct. 445 (1981).

5

In the case at hand, Plaintiff fails to make any allegation of any School Defendant custom, policy, or practice that caused the alleged injury. Absent in the Amended Complaint is any mention by Plaintiff of an express policy of a constitutional deprivation enforced by the School Defendants, or a well-settled practice that caused any deprivation of rights. Moreover, Plaintiff has not alleged that a person with final policymaking authority caused a constitutional injury. Therefore, Plaintiff has made no assertion that such liability exists against the District. Therefore, Counts I-IV, VI, VII, and IX must be dismissed with prejudice as against the District.

### IV. Defendant Castaldo is Entitled to Absolute Immunity as a Hearing Officer and Must Be Dismissed from Counts I-IV, and VII.

Plaintiff alleges that Defendant Castaldo served as the hearing officer for the Board on October 9, 2009. Amended Complaint ¶30. At the hearing it is alleged he heard testimony from a variety of witnesses, entered a preservation order of evidence, and issued the report of evidence to the Board. Amended Complaint ¶¶ 31-34. This was the fact-finding hearing at which evidence was offered by the parties resulting in the determination that Plaintiff had assaulted a mathematics teacher. Castaldo's actions s hearing officer were all in accordance in and authorized by the Illinois School Code, which summarizes as follows:

> Expulsion shall take place only after the parents have been requested to appear at a meeting of the board, **or with a hearing officer appointed by it**, to discuss their child's behavior. …. If a hearing officer is appointed by the board he shall report to the board a written summary of the evidence heard at the meeting and the board may take such action thereon as it finds appropriate.
> 105 ILCS 5/10-22.6. (**emphasis added**)

Absolute immunity in civil rights cases applies to government officials like a prosecutor or judge; it also applies to officials performing "functionally comparable" acts in other contexts. This applies also to administrative hearing officers or adjudicators who perform quasi-judicial activities. *Barker v. Vill. of Cahokia*, 2007 U.S. Dist. LEXIS 58927 (S.D. Ill. Aug. 13, 2007) (See generally also: *Imbler v. Pachtman*, 424 U.S. 409, 421, 424-25 (1976); *Henderson v. Lopez*, 790 F.2d 44, 45 (7th Cir.

1986); See, e.g., *Wolf v. Carey,* 438 F. Supp. 245 (N.D. Ill. 1977*); Hughes v. Krause,* 2008 U.S. Dist. LEXIS 32517 (N.D. Ill. 03/31/2008); 2008 U.S. Dist. LEXIS 54461 (N.D. Ill. 07/17/2008).)

A Northern District of Illinois court held in 2001 that a hearing officer who conducted an employee termination hearing through the Illinois Department of Corrections was afforded absolute immunity, even though accused of alleged bias in conducting it. *Burks v. DeTella*, 2001 U.S. Dist. LEXIS 6640, 2-3 (N.D. Ill. May 17, 2001)(citing *Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir. 1999) ("Officers and agencies that perform quasi-judicial functions are entitled to absolute immunity in order to protect their decision-making function from being impeded by fear of litigation or personal monetary liability."); see also *Thompson v. Duke*, 882 F.2d 1180, 1185 (7th Cir. 1989). The hearing officer there was entitled to absolute immunity for his actions and all claims against him dismissed. *Burks v. DeTella*, 2001 U.S. Dist. LEXIS 6640, 6-7 (N.D. Ill. May 17, 2001). Case law is fraught with decisions affording absolute immunity to these hearing officers as the actions are adjudicatory in nature:

> Judges have absolute immunity from money damages. *Stump v. Sparkman*, 435 U.S. 349, 55 L. Ed. 2d 331, 98 S. Ct. 1099 (1978). This immunity covers all judicial acts. *Id*. In *Butz v. Economou* the court extended absolute immunity to federal officials performing functions comparable to those of judges, such as hearing officers and administrative law judges. 438 U.S. 478, 98 S. Ct. 2894, 57 L. Ed. 2d 895, (1978). This quasi judicial immunity has been further extended to state agency officials involved in adjudication of state regulatory matters. See e.g., *Wilson v. Kelkhoff*, 86 F.3d 1438, 1443 (7th Cir. 1996). In *Butz* the Supreme Court stated that 'judges have absolute immunity not because of their particular location within the Government but because of the special nature of their responsibilities,' 438 U.S. at 511, 'and from the characteristics of the judicial process.' *Id*. at 512. The Court considered the nature of the hearing examiner and administrative law judges' responsibilities and determined that, like judges, these officials must be free 'to perform their respective functions without harassment or intimidation.' *Id*.
>
> *Tobin for Governor v. Illinois State Bd. of Elections*, 1999 U.S. Dist. LEXIS 22108, 9-10 (N.D. Ill. Dec. 7, 1999)

Here, Castaldo is entitled to absolute immunity when functioning as a hearing officer. The entire process was adjudicatory in that Castaldo took evidence, heard witnesses, made rulings to

preserve evidence, and so forth. Amended Complaint ¶¶ 30-34. The entire purpose of the hearing was to address the issue of battery by a student against a teacher. These actions directly relate to actions of Castaldo as hearing officer entitle him to absolute immunity; he should be dismissed with prejudice from this entire matter.

### V. School Defendants Must Be Dismissed from Count II because Plaintiff was Afforded Sufficient Procedural Due Process as Plead.

As plead, Plaintiff was afforded all requisite procedural due process as required by the Illinois School Code and related case law for a school administrative hearing of this nature resulting in expulsion. Plaintiffs fail to plead anything that contravenes the minimum standard of procedures required. Darius was immediately suspended for his actions; a disciplinary hearing was held, testimony given, a preservation order entered, the Board made a decision on the hearing, resulting in expulsion. See Amended Complaint generally ¶¶ 28-36. A 1970 Eastern District decision affirmed the constitutionality of the Illinois School Code (105 ILCS 5/10-22.6) as sufficient procedures were afforded a defendant in this setting:

> The test of whether or not one has been afforded procedural due process is one of fundamental fairness in the light of the total circumstances. No particular method of procedure is required for due process, but what is required is: (1) Adequate notice of the charges; (2) Reasonable opportunity to prepare for and meet them; (3) An orderly hearing adopted to the nature of the case; and (4) A fair and impartial decision. *Buttny v. Smiley*, 281 F. Supp. 280 (D.C.D. Colo., 1968).
> The power of school boards in Illinois in regard to expulsion or suspension of students is found in Section 10-22.6, Chapter 122, Illinois Revised Statutes.

*Whitfield v. Simpson*, 312 F. Supp. 889, 894 (E.D. Ill. 1970)

Plaintiffs allege nothing that Darius Wade's expulsion hearing and related actions by School Defendants in any fashion violated these basic fundamental procedures.

"The fundamental requisite of due process is the opportunity to be heard. The hearing must be at a meaningful time and in a meaningful manner. \* \* \* The type of administrative hearing here involved need not take the form of a judicial or quasi-judicial trial. Due process in the context here

8

involved is not to be equated, as appellant urges, with that essential to a criminal trial or a juvenile court delinquency proceeding." *Linwood v. Board of Education*, 463 F.2d 763, 769-770 (7th Cir. Ill. 1972)(citations omitted); see also *Betts v. Board of Ed. of City of Chicago*, 466 F.2d 629, C.A.7 (Ill.),1972.

Plaintiff admits that a right to be heard at the disciplinary hearing occurred, and in fact did occur. Amended Complaint ¶ 31. Given Plaintiff's inability to plead anything that could give rise to a procedural process claim, this count must be dismissed with prejudice as to all School Defendants.

### VI. School Defendants Must Be Dismissed from Count III (Equal Protection generally) because Plaintiff fails to plead he is part of a protected class.

In Count III, Plaintiff alleges a boilerplate violation of equal protection with no hint whatsoever as to what protected class – race, gender, age, special needs, or otherwise – Plaintiff qualifies, let alone how other persons similarly-circumstanced are treated differently without legitimate public purpose. Equal protection claims must be plead to allege "charges of singling out members of a vulnerable group, racial or otherwise, for unequal treatment …[or]… challenges to laws or policies alleged to make irrational distinctions." *Esmail v. Macrane*, 53 F.3d 176, 178 (7th Cir. Ill. 1995) Here in Count III, Plaintiff fails to assert he is a member of any vulnerable group, racial or otherwise, for unequal treatment, and does not challenge any of the schools law of policies in such fashion. Therefore, Count III must be dismissed as to all School Defendants.

Alternatively, Count III should be stricken as duplicative of the more particularized Count IV, pursuant to F.R.C.P. 12(f), which allows the Court to "strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter."

### VII. School Defendants Must Be Dismissed from Count IV (Equal Protection as "Class of One") as it fails to meet *Twombley* standard.

In Count IV, Plaintiff does plead he is a "class of one." This the Supreme Court does recognize as a potential equal protection violation. See *Village of Willowbrook v. Olech*, 528 U.S. 562, 145 L. Ed. 2d 1060, 120 S. Ct. 1073 (2000). And in order to state a claim as a "class of one," a

9

plaintiff must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* at 564. Plaintiff does quote this **exact** boilerplate language in the Amended Complaint. Amended Complaint, p. 9, ¶¶ 58-59. Plaintiff fails to allege anything other than that the Board expelled him from the Illinois school system as a disciplinary measure (for assaulting a teacher) after a hearing, yet he does not plead anything about others similarly situated; he alleges nothing other than the bare assertion that "there is no rational basis." In no scenario can Plaintiff allege that he was not found culpable of battery against a teacher resulting in his expulsion. This is all a formulaic recitation of the elements of a cause of action and fails to meet the §12(b)(6) standard:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (CA7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see *5 C. Wright & A. Miller, Federal Practice and Procedure* § 1216, pp 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"),n3 on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").
>
> *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-1965 (U.S. 2007)

Just because Plaintiff merely mimics the boilerplate language of *Willowbrook*, this does automatically satisfy a pleading of "class of one" equal protection violation. Count IV therefore must be dismissed.

**VIII. Count VI (Violation of the Eighth Amendment - Cruel and Unusual Punishment) must be dismissed as against School Defendants because it applies only after criminal convictions.**

At Page 10, ¶ 58, Count VI of the Amended Complaint, Plaintiff alleges that Defendants' acts were "willfully and wantonly done without probable cause and was a direct and proximate result of Darius' pain, suffering and mental anguish, and therefore violated the Plaintiff's Eighth Amendment right to be free from cruel, excessive and unusual punishment." Amended Complaint, at Page 10, ¶ 58, Count VI.

The Eighth Amendment as to cruel and unusual punishment applies only in a criminal context and only after criminal conviction. *East v. Chicago*, 719 F. Supp. 683, 690 (N.D. Ill. 1989). See also: *Whitley v Albers* (1986) 475 US 312, 89 L Ed 2d 251, 106 S Ct 1078 (criticized in *Blyden v Mancusi* (1999, CA2 NY) 186 F3d 252) (applies only after state has complied with constitutional guarantees traditionally associated with criminal prosecutions); *Bailey v Andrews* (1987, CA7 Ind) 811 F2d 366 (Eighth Amendment right to be free from cruel and unusual punishment is applicable only to sentenced criminals); *Smith v Fontana* (1987, CA9 Cal) 818 F2d 1411, cert den (1987) 484 US 935, 98 L Ed 2d 269, 108 S Ct 311 (protects only those who have been convicted of crime); *Palmer v A.H. Robins Co.* (1984, Colo) 684 P2d 187, CCH Prod Liab Rep P 10085, 38 UCCRS 1150 (deals exclusively with criminal process and criminal punishment and has no applicability to punitive damage statute in civil products liability action against manufacturer of intrauterine device).

Here, the School Defendants were not prosecutors in the criminal proceeding and did not enforce any criminal conviction. Plaintiff cannot plead that he was sentenced criminally by School Defendants, and cannot plead that School Defendants were involved in any criminal sentencing. Nothing occurred to Darius Wade that could constitute cruel and unusual punishment by School Defendants. With no criminal sentencing by School Defendants, this Count VI must be dismissed.

**IX. Count VII's Claim for Conspiracy Under § 1983 Must Be Dismissed as against School Defendants because There is No Underlying Constitutional Violation**

11

As discussed earlier in this motion, for multiple reasons, Plaintiff does not have a valid underlying constitutional claim for a § 1983 action. Claims for conspiracy require an underlying constitutional violation. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000); *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). Thus, Plaintiff's Count VII claim of conspiracy must fail as well.

### X. Count IX – The State law-based claim of "Negligent Training and Supervision" must be dismissed.

In Count IX, against the Board/District only, Plaintiffs allege the state law tort claim that the Board/District had a duty to train its teachers not to initiate physical contact with its students, that the Board/District failed to do so, that defendant District teacher (now retired) Jeanette Thomas did initiate contact with the student Plaintiff. Amended Complaint, Count IX, pp. 11-12, ¶¶ 58-63. This state law claim is barred by the absolute immunities afforded the Board/District by the Illinois Local Governmental and Governmental Employee Tort Immunity Act ("Tort Immunity Act"). As earlier mentioned, the Act applies to school districts like the Board/District as here. Employee Thomas cannot be liable for her actions because "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-201. Because Thomas cannot be liable, therefore the Board/District cannot be liable. A local public entity is not liable if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109. Also, the acts attributed to Thomas were discretionary; so any possible resulting injury cannot be attached to the Board/District. Under the Act, a local public entity is not liable where its employees exercised discretion on a non-ministerial matter. 745 ILCS 10/2-201.

In 2011 a Northern District court fully applied these broad protections to a school district regarding counts involving the tort of defamation:

> The Tort Immunity Act provides that "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy and when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201. The Act also provides that "[a] local public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law." 745 ILCS 10/2-103. Nor are local public entities "liable for any injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109. The Act defines "employee" as including a "member of a board * * * whether or not compensated" (745 ILCS 10/1-202), and defines "local public entity" as including a "school district" and a "school board" (745 ILSC 10/1-206). The Tort Immunity Act applies only to tort actions and does not bar actions for constitutional violations. See *People ex rel. Birkett v. City of Chicago*, 325 Ill. App. 3d 196, 758 N.E.2d 25, 30, 259 Ill. Dec. 180 (Ill. App. Ct. 2d Dist. 2001).
>
> Section 2-201 of the Tort Immunity Act "immunizes public employees from liability where the injury claimed is the result of a 'discretionary policy determination.'" *Doe 20 v. Board of Educ. of Comm. Unit School Dist. No. 5*, 680 F. Supp. 2d 957, 988 (C.D. Ill. 2010) (citing *Albers v. Breen*, 346 Ill. App. 3d 799, 806 N.E.2d 667, 673, 282 Ill. Dec. 370 (Ill. App. Ct. 4th Dist. 2004)). Section 2-201 immunity protects against both negligent and willful and wanton conduct. *Id.*

*Collins v. Bd. of Educ.*, 792 F. Supp. 2d 992, 998-999 (N.D. Ill. 2011)

Here, the Board/District adopted all such policies in an official capacity in a discretionary fashion. Here, the employee Thomas acted in a discretionary fashion in dealing with this student the Plaintiff. All should be afforded blanket immunity for this state tort claim. Therefore, Count IX must be dismissed as to the Board and District with prejudice.

### XI. Punitive Damages Prohibited.

Plaintiff generally seeks the recovery of punitive damages from all Counts of the Amended Complaint. Local governments are immune from punitive damages under §1983. *Newport v. Facts Concert, Inc.,* 453 U.S. 247 (1981). As discussed above, an official-capacity suit is nothing more than an alternative means of pleading a claim against a governmental entity. *Kentucky v. Graham* 473 U.S. 159, 165 (1985). Further, to the extent that plaintiff seeks the recovery of punitive damages from Castaldo, that claim should also be dismissed. *Holly v. City of Naperville*, 571 F. Supp. 668 (N.D. Ill. 1983). Therefore, punitive damages are not applicable to School Defendants and must be barred.

13

**XII. Per F.R.C.P. 17, Denard Wade and LaJuan Wade are not proper Plaintiff parties. Darius Wade must be named as sole Plaintiff.**

Darius Wade is the only proper plaintiff in this cause, and he is not even named as such. Also, his parents Denard Wade and LaJuan Wade cannot be independent plaintiffs because they have no standing to sue. The Amended Complaint describes the two named plaintiffs Denard Wade and LaJuan Wade as being the parents "individually and on behalf of their son [Darius Wade]." Amended Complaint ¶1. Denard Wade and LaJuan Wade also appear "individually and next friend of his[her] minor son, Darius Wade." Amended Complaint ¶¶ 7-8. Darius Wade was a minor (under the age of eighteen) during the date of incident (9/23/2009) *Id.* Both the Complaint and the Amended Complaint when filed fail to allege whether Darius Wade was a minor when such were filed.

Pursuant to F.R.C.P. 17(b), the parents cannot be Plaintiffs to this action individually or in any fashion independently of their son Darius Wade. None of the facts alleged in the Amended Complaint pertain to them individually but only indirectly in their capacity as parents of proper plaintiff Darius. As such, they cannot seek relief regarding their own perceived damages in any sense. Because Darius Wade is not alleged as being a minor in the Amended Complaint, his parents should not function in a representative capacity on behalf of their son Darius; therefore, they should be dismissed from this cause entirely. The parents also fail to meet the requirements of Fed.R.Civ.P 17(a)(1): they are not "the real party in interest." Also, they cannot represent Darius under Fed.R.Civ.P 17(c) because no allegation is made as to any incompetence of, or current minor status of, Darius Wade.

Further, Darius Wade must be named as sole proper plaintiff. The purpose of Fed.R.Civ.P 17 requiring actions to be prosecuted in name of real party in interest is to enable the defendant to avail himself of evidence and defenses he has against such real party in interest to assure finality of judgment, and protection against another suit by real party in interest on same matter. *Celanese Corp.*

14

*of America v John Clark Industries, Inc.* (1954, CA5 Tex) 214 F2d 551. Merely because one may benefit by result of litigation does not make him real party in interest. *Armour Pharmaceutical Co. v Home Ins. Co.* (1973, ND Ill) 60 FRD 592, 17 FR Serv 2d 1321.

Therefore, Denard Wade and LaJuan Wade should be dismissed from the Amended Complaint as improper plaintiffs and any relief sought by them be stricken. Darius Wade should be named as sole proper plaintiff in this cause.

WHEREFORE, the School Defendants BOARD OF EDUCATION OF PROVISO TOWNSHIP HIGH SCHOOLS DISTRICT 209, PROVISO TOWNSHIP HIGH SCHOOLS DISTRICT 209, and MICHAEL CASTALDO, JR. respectfully request that their Motion to Dismiss be granted.

Respectfully Submitted,

By: /s/ *Eric T. Stach*
One of the attorneys for the School Defendants

Eric T. Stach (ARDC No. 6275972)
K. Austin Zimmer (ARDC No.6276227)
DEL GALDO LAW GROUP, LLC
1441 South Harlem Avenue
Berwyn, Illinois 60402
Tel. (708) 222-7000
Fac. (708) 222-7001