UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENARD WADE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 12 C 2276 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Milton I. Shadur |
| BOARD OF EDUCATION OF PROVISO TOWNSHIP HIGH SCHOOLS DISTRICT 209, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

NOW COME Defendants, THOMAS DART ("Sheriff Dart"), COOK COUNTY SHERIFF'S OFFICE ("Sheriff's Office"), and COOK COUNTY SHERIFF'S POLICE DEPARTMENT ("Sheriff's Police"), through their attorney, Anita Alvarez, State's Attorney of Cook County, through her assistant, Allison C. Marshall, and pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, and move this Honorable Court to dismiss all claims. In support of this motion, Defendants state as follows:

**INTRODUCTION**

Plaintiffs, Denard and Lajuan Wade ("Plaintiffs"), have filed a First Amended Complaint ("Amended Complaint") in which they allege multiple violations of 42 U.S.C. § 1983, malicious prosecution and Eighth Amendment violations. (*See* First Amended Complaint attached hereto as "Exhibit A"). In addition to Sheriff Dart, the Sheriff's Office and the Sheriff's Police, Plaintiffs name the Board of Education of Proviso Township High Schools District 209, Proviso Township High Schools District 209 and multiple individuals who are employed by or work with these entities. (*See* Ex. A).

Plaintiffs' son, Darius Wade, was a student at Proviso East High School in September of 2009. (Ex. A, ¶ 2). On September 23, 2009, Darius had an altercation with a teacher, Jeanette Thomas, another defendant in this action. (Ex. A, ¶¶ 17, 19-24). During this altercation, Ms. Thomas fell to the ground. (Ex. A, ¶ 24). As a result of this incident, Darius was suspended, and charged criminally. (Ex. A, ¶¶ 28, 29). Later, on October 19, 2009, Darius was expelled from school. (Ex. A, ¶ 38). On March 17, 2010, Darius was found guilty of the criminal charges. (Ex. A, ¶ 43). However, a new trial was granted, and Darius was subsequently found not guilty on May 20, 2011. (Ex. A, ¶¶ 49, 51, 53).

Defendants now move for dismissal of Plaintiff's Amended Complaint and various counts for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that do not state an actionable claim. In assessing the motion, the Court must accept the well-pleaded allegations as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). However, the plaintiff's factual allegations must plausibly suggest that the plaintiff is entitled to relief, *"raising that possibility above a speculative level." Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (*emphasis added*). While legal conclusions can provide the framework of a complaint, the legal conclusions must be supported by factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff may not avoid dismissal by attaching bare legal conclusions to narrated facts that fail to outline the basis of his claims. *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991). Furthermore, "litigants

may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).

## ARGUMENT

I. **Plaintiff Has Not Sufficiently Alleged a Cause of Action Against Sheriff Dart, the Sheriff's Office or the Sheriff's Police.**

A. **The Sheriff's Office and Sheriff's Police Are Not Legal Entities That Are Capable of Being Sued and Should Be Dismissed From this Lawsuit.**

Federal courts are governed by state law in determining whether defendants are amenable to suit. Fed. R. Civ. P. 17(b). In Illinois, a defendant must have a legal existence, either natural or artificial, to be subject to suit. *Jackson v. Village of Rosemont*, 180 Ill.App.3d 932, 937-38 (1st Dist. 1988). The courts of this district have long held that departments within a governing unit lack the necessary separate legal existence. *See Payne v. Cook County Hospital*, 719 F.Supp. 730, 733-34 (N.D. Ill. Aug. 31, 1989 – J. Moran); *Reese v. Chicago Police Department*, 602 F. Supp. 441, 443 (N.D. Ill. Jul. 23, 1984 – J. Robson); *Jordan v. City of Chicago Department of Police*, 505 F. Supp. 1, 4 (N.D. Ill. Mar. 24, 1980 – J. Moran).

The Sheriff's Office and Sheriff's Police are not separate and apart from Sheriff Dart. Therefore, they lack the necessary separate legal existence to make them suable entities and they should be dismissed from this lawsuit. *See Jackson*, 180 Ill. App. 3d at 937-38; *see also Jackson v. Cook County Sheriff Police Dept.*, 2004 U.S. Dist. LEXIS 23312, *4-5 (N.D. Ill. Nov. 16, 2004 – J. St. Eve) (citations omitted); *Byrd v. Cook County Sheriff Dept.*, 1996 U.S. Dist. LEXIS 14508, *5 (N.D. Ill. Sept. 30, 2996 – J. Lindberg); *see also Fanning v. Cook County, et al.*, 2006 U.S. Dist. LEXIS 5740, *9 (N.D. Ill. Feb. 15, 2006 – J. St. Eve); *Quinn v. Harris*, 2004 U.S. Dist. LEXIS 10265, ** 8-9 (N.D. Ill. June 4, 2004 – J. Lefkow); *Mayes v. Elrod,* 470 F. Supp. 1188, 1192 (N.D. Ill.1979).

3

### B. Plaintiffs Have Not Sufficiently Alleged a Cause of Action Against Sheriff Dart, the Sheriff's Office or the Sheriff's Police in Their Individual or Official Capacities.

Assuming *arguendo* that the Sheriff's Office and Sheriff's Police are properly named parties, the Amended Complaint should still be dismissed where Plaintiffs have not plead sufficient facts against them.

It is unclear whether Plaintiffs have filed this suit against Sheriff Dart and the Sheriff's Office in their official or individual capacities. (*See* Ex. A, ¶ 14). Plaintiffs state that they are suing the Sheriff's Police individually. (Ex. A, ¶ 15). Under either theory, the Amended Complaint is insufficient at law.

#### 1. Sheriff Dart and the Sheriff's Office should be dismissed from the Amended Complaint in their official capacity.

Plaintiffs have not sufficiently claimed any official liability against Sheriff Dart or the Sheriff's Office. It is well settled that governmental employees cannot be held liable in their official capacities in a Section 1983 action unless a plaintiff can show that he suffered injuries of a constitutional magnitude as the result of an official custom, policy, or practice. *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 691 (1978). Courts have identified three instances in which a municipality can be said to have violated the rights of a person because of its policy: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law;" or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority." *Baxter by Baxter v. Vigo County School Corp.,* 26 F.3d 728, 735 (7th Cir. 1994) (citations omitted). More importantly, a plaintiff must demonstrate that a municipality, through its own deliberate conduct, was the moving force behind the alleged

4

injury. *County Comm'r of Bryan County v. Brown, 520 U.S. 397, 404* (1997); *Polk County v. Dodson,* 454 U.S. 312 (1981). An official capacity suit is tantamount to a claim against the government entity itself. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007).

In addition, a single allegation of wrongdoing on the part of the defendant is insufficient to establish a policy, custom, or practice. *Sivard v. Pulaski County,* 17 F.3d 185, 188 (7th Cir. 1994). Although a plaintiff is not held to a heightened standard of pleading in order to state a *Monell* claim, his official capacity claim must at a minimum include allegations in conclusory language that a policy existed, buttressed by facts alleging wrongdoing by the governmental entity. *McCormick v. City of Chicago*, 230 F. 3d 319, 325 (7th Cir. 2000).

The pleading standard in Rule 8 does not require more than detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint will not suffice if it tenders naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely

5

consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

The Court recently stated that two principles underlie the holding in *Twombly*. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than mere conclusions." *Id.* at 1950. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but has not shown, that the pleader is entitled to relief." *Id.* "In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*

In this matter, Plaintiffs' Amended Complaint does not allege any policy, practice, or custom at all as required in *Monell*. Therefore, Sheriff Dart and the Sheriff's Office should be dismissed in their official capacity.

### 2. Sheriff Dart, the Sheriff's Office and the Sheriff's Police should be dismissed from this lawsuit in their individual capacity.

Sheriff Dart, the Sheriff's Office and the Sheriff's Police should be dismissed as to their individual capacity. To hold a defendant individually liable for damages due to alleged constitutional deprivations, substantive allegations of personal involvement on the part of the defendant must be stated. *Potter v. Clark,* 497 F.2d 1206 (7th Cir. 1974). The Seventh Circuit reaffirmed that "an *individual* cannot be held liable in a § 1983 action unless he caused or

participated in an alleged constitutional deprivation." *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993), *citing Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) (emphasis in original). A plaintiff must demonstrate that the official "knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or his failure to act." *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986).

As with the official capacity claims, Plaintiffs' Amended Complaint contains no facts alleging any action on the part of Sheriff Dart, the Sheriff's Office or the Sheriff's Police. Rather, Plaintiffs cite legal conclusions in each count without relevant facts supporting any plausible claim for relief. Plaintiffs do not describe any participation or conduct by any of the Defendants in the alleged constitutional deprivation. As a result, Plaintiffs have not shown plausible individual liability against Sheriff Dart, the Sheriff's Office or the Sheriff's Police. Therefore, the Amended Complaint should be dismissed.

### C. Plaintiffs' State Claim of Malicious Prosecution Should Be Dismissed.

Plaintiff's failed to properly state a cause of action for malicious prosecution. To establish the claim of malicious prosecution under Illinois law, a Plaintiff must prove that: "(1) the defendant commenced or continued an original criminal or civil judicial proceeding; (2) the proceeding terminated in favor of the plaintiff; (3) there was an absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Meerbrey v. Marshall Field & Co,*, 564 N.E.2d 1222, 1231 (1990). In their Amended Complaint, Plaintiffs provide legal conclusions as to each of these points. (Ex. A, Count VIII). However, they fail to provide any factual support for the conclusions.

Plaintiffs do not assert malice, lack of probable cause or that the charge was initiated by Sheriff Dart, the Sheriff's Office or the Sheriff's Police. In fact, Plaintiff's merely state that the

prosecution "was initiated to cover up the withholding of the evidence, in the expulsion and criminal proceedings of Darius." (Ex. A, ¶ 58). However, there is no indication anywhere in the Amended Complaint what evidence was withheld by Sheriff Dart, the Sheriff's Office and the Sheriff's Police. In fact, the only piece of evidence Plaintiffs point to is the transcript of the expulsion hearing. However, that hearing took place after Darius was arrested and criminal charges were filed. (Ex. A, ¶¶ 28-30). There is no indication that Sheriff Dart, the Sheriff's Office or the Sheriff's Police were part of the expulsion hearing or ever had possession of the transcript in question. Presumably, Plaintiffs cannot make such claims because they are not true. Moreover, Plaintiffs cannot possible allege any *Brady* violation for failure to tender the transcript of the expulsion hearing where they were present for that hearing and knew what was said. *Sornberger v. City of Knoxville*, 434 F. 3d 1006, 1028-29 (7th Cir. 2006) (plaintiff could not allege *Brady* violation for officers failure to disclose circumstances of her interrogation where she was present and knew what occurred during the interrogation). Finally, criminal charges for battery and aggravated battery, the charges that were filed against Darius, are not filed by Sheriff Dart, the Sheriff's Office or the Sheriff's police. As such, Plaintiffs' malicious prosecution count should be dismissed.

## II. PLAINTIFF'S FALSE ARREST CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS.

Plaintiffs' claim of false arrest is barred by the statute of limitations. Although expiration of the statute of limitations is an affirmative defense, when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit. *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). The statute of limitations for Section 1983 actions in Illinois is two years. *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004). In the case of a false arrest

allegation, the statute of limitations begins to run when a claimant becomes detained pursuant to the legal process. *Wallace v. Kato*, 549 U.S. 384, 397 (2007).

In this case, Plaintiffs allege Darius was detained in September of 2009, and Plaintiffs' first complaint was filed on March 27, 2012, more than two years after Darius was detained. Clearly, Plaintiffs' false arrest claim is well beyond the statute of limitations and should be dismissed.

## **CONCLUSION**

WHEREFORE, Defendants THOMAS DART, COOK COUNTY SHERIFF'S OFFICE, and COOK COUNTY SHERIFF'S POLICE DEPARTMENT, for all of the foregoing reasons, respectfully request that this Honorable Court dismiss all claims against them and grant such other relief as this Court deems just and appropriate.

> Respectfully submitted,
> ANITA ALVAREZ
> State's Attorney of Cook County
>
> By: */s/ Allison C. Marshall*
> Allison C. Marshall #6277971
> Assistant State's Attorney
> Torts / Civil Rights Litigation Section
> 500 Richard J. Daley Center
> Chicago, Illinois 60602
> (312) 603-5444