IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARIUS WADE,<br><br>  Plaintiff,<br><br>  v.<br><br>JEANETTE THOMAS, DANIEL JOHNSON, MILTON PATCH, PROVISO TOWNSHIP and PROVISO TOWNSHIP 209<br><br>  Defendants. | Case No. 12 CV 2276<br><br>JUDGE SHADUR |

### MOTION FOR LEAVE TO FILE A PROPOSED SECOND AMENDED COMPLAINT

NOW COMES the PLAINTIFF, DENARD WADE, by and through Blake Horwitz, Esq., of the Blake Horwitz Law Firm, Ltd., and moves for reconsideration and/or for relief under *Fed.R.Civ.Proc.* 60(b) and/or for leave to file an amended complaint. In support of same, the Plaintiff states the following:

1. This Court dismissed this cause on June 26, 2012, allowing the state claims to be prosecuted in state court if the Plaintiff so desired. As this Court did not dismiss this cause with the level of finality that would permanently dispose of Plaintiff's cause and given the existence of error, neglect or inadvertence *Fed.R.Civ.Proc* 60(b) as well as notions of judicial economy, Plaintiff moves for leave to file an amended complaint.

2. Judicial economy can serve as the cornerstone of a Rule 60(b) motion even where all other bases found within 60(b) fail. *Gougler v. Sirius Prods.*, 370 F. Supp. 2d

1185, 1189-1190 (S.D. Ala. 2005) [Allowing a Rule 60(b) motion based only on judicial economy after recognizing the Seventh Circuit's focus on newly discovered evidence as an important basis for a Rule 60(b)].

3. In this instance, judicial economy "militate[s] in favor of addressing the merits of defendants' Motion to Reconsider". *Gougler, Id.*

4. Plaintiff has secured new counsel. Upon review of the record and Defendants' motion to dismiss, there was no basis for Plaintiff's counsel, or this Court to determine that Plaintiff was absent other federal legal theories. New Plaintiff's counsel seeks leave to file a proposed Second Amended Complaint which advances one federal legal theory, Equal Protection Class of One, based on the *Willowbrook*[1] decision and its progeny.

5. Apparently, at the last hearing of this matter, former Plaintiff's counsel believed and/or this Court may have believed (perhaps with the absence of proper input from Plaintiff's counsel) that an equal protection class of one theory was not viable in the context of the instant cause. Regardless, a claim of this sort is viable and Plaintiff seeks leave to amend in that regard. Plaintiff has withdrawn all potential federal claims except the equal protection claim and also lodged the state malicious prosecution claim as alleged prior.

6. The Seventh Circuit recently reversed a decision from the Northern District in *Geinosky v. City of Chicago, et. al.,* 675 F.3d 743. Arguably, a change in the law relative to the instant case could also substantiate a basis for this Rule 60(b) motion. The *Geinosky* court broadened the scope of the class of one theory so as

---

[1] *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000).

to allow for a more expansive reading of similarly situated individuals at the complaint stage. *Geinosky Id.* at 748.

7. On June 27, 2012 (Dkt No. 24), this Court entered an order of dismissal, without prejudice to the re-assertion of state claims in state court. The *Geinosky* ruling ws entered on March 28, 2012. Plaintiff prays that new case precedent, judicial economy and/or inadvertence, neglect or error form the basis for the granting to Plaintiff leave to file an amended complaint.

8. Plaintiff also prays for leave to file the appearance of Blake Horwitz

WHEREFORE, Plaintiff prays that this Honorable Court grant Plaintiff's motion and provide any other relief deemed just.

                                            Respectfully submitted,

                                            /s/ Blake Horwitz
                                            Attorney for the Plaintiff

THE BLAKE HORWITZ LAW FIRM, LTD.
39 S. LaSalle St. Suite 1515
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 445-8741